UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHARLES A. DAVIS,

                Plaintiff,   **TRANSFER ORDER**
                             09-CV-3654 (SLT)

    -against-

DAVIDSON MORTGAGE, INC.;
SUNTRUST MORTGAGE, INC.;
WASHINGTON MUTUAL; BROCK & SCOTT
PLLC; PATRICK A. DOUGHERTY, C/O
BEN THOMSA, ESQ.; ELIZABETH EMBRY
ESQ.; RENA W. TURNER, COURT CLERK;
JOHN DOE #1 THROUGH JOHN DOE #10,

                Defendants.
------------------------------------------------------------x
TOWNES, United States District Judge:

       Plaintiff Charles A. Davis, who resides in Queens County, New York, brings this fee paid action against defendants who reside in North Carolina, Maryland, Wisconsin, Virginia and Florida. Although unclear, plaintiff's complaint alleges fraud and conspiracy in connection with a foreclosure of property which is located in Iredell County, North Carolina. In addition, plaintiff was a debtor in an action that was pending in the United States Bankruptcy Court for the Western District of North Carolina. See In Re Charles Davis, No. 08-51251. Accordingly, for the reasons stated below, this case is transferred to the United States District Court for the Western District of North Carolina, for the following reasons:

       The relevant general venue provisions are found at 28 U.S.C. § 1391(a) and (b), which respectively provide that:

1

> A civil action wherein jurisdiction is founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, [or] (3) judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Since the events giving rise to this action occurred in North Carolina, and the property at issue is in North Carolina, this Court is not the appropriate court in which to file this action. If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Accordingly, in an abundance of caution, the Clerk of Court is hereby directed to transfer this case to the United States District Court for the Western District of North Carolina. 28 U.S.C. § 113(c); 1406(a). The Court offers no opinion on the basis for the Court's exercise of jurisdiction over the action. That provision of Local Rule 83.1 which requires a five day stay is hereby waived. A summons shall not issue from this Court.

**SO ORDERED.**

/S/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
      December / 5 , 2009

2